UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | Docket No. 06-CR-66-P-S |
| ROBERT R. HOFFMAN ) | |
| ) | |
| Defendant. ) | |

## ORDER ON MOTION TO DISMISS THE INDICMENT AND MOTIONS IN LIMINE

Before the Court is Defendant Dr. Robert Hoffman's Motion to Dismiss the Indictment (Docket # 42) as well as Defendant's multiple Motions in Limine (Docket #s 34, 35, 36, 37, 38, 39, 40, and 41). Also before the Court is the Government's Motion in Limine (Docket # 43).

The preliminary decisions of the Court contained herein are based on representations made by the parties regarding what they believe to be the current status of the admissible evidence. Thus, the decisions of the Court regarding the admissibility of the evidence are made WITHOUT PREJUDICE. Counsel are encouraged to object at trial whenever they believe the evidence to be inadmissible. Counsel are also free to make additional proffers of proof during the course of the trial. All final determinations of admissibility will be made at trial based on the record and objections presented to the Court at that time.

In addition, the Court is aware that cautionary instructions may be requested by counsel with regard to certain items or categories of evidence as indicated in the Motions in Limine. Counsel shall provide any requested cautionary instructions to the Court prior

1

to trial. If no cautionary instructions are provided by counsel, the Court will assume that none are requested.

I.  BACKGROUND

The Controlled Substances Act ("CSA") provides that the distribution of controlled substances is a felony, except as authorized under the CSA. 21 U.S.C. § 841(a)(1). The CSA specifically authorizes a physician, registered with the Drug Enforcement Agency ("DEA"), to issue prescriptions for controlled substances in the course of professional practice. 21 U.S.C. §§ 802(21) and 822(a). The regulations accompanying the CSA provide that for a prescription to be effective it "must be issued for a legitimate medical purpose by an individual practitioner in the usual course of his professional practice." 21 C.F.R. § 1306.04.

Defendant is charged via the Indictment (Docket # 1) with five counts of unlawful distribution of a controlled substance, alprazolam (Xanax), in violation of the CSA, 21 U.S.C. § 841(a)(1). Each of the five counts relates to the distribution of alprazolam to Delores Close. Thus, many of the Motions in Limine relate to the admissibility of evidence associated with Ms. Close.

II.  MOTIONS IN LIMINE

    A.  **Defendant's First Motion in Limine to Exclude Evidence of the Death of Delores Close (Docket # 34)**

Defendant Dr. Robert Hoffman filed nine motions in limine. Defendant's First Motion in Limine moves to exclude evidence relating to the death of Delores Close on the grounds that such evidence is not relevant, any probative value is outweighed by the prejudicial effect and the potential that evidence relating to her death will raise collateral causation issues. The Government, through its Response to the Motion in Limine

2

(Docket # 49), has indicated that it will not introduce evidence of Defendant's role, if any, in the death of Ms. Close.

Delores Close, mentioned in the Indictment by her initials, "D.C.", was the recipient of the alleged unlawful prescriptions. As a result, much of the proffered evidence will relate to her actions, relations and communications with others. It would mislead and confuse the jury to leave unanswered the natural question of why she is not present at the trial. Furthermore, the Court perceives no problem under Federal Rule of Evidence 403 with providing the jury with limited information regarding Ms. Close's absence from the trial. Therefore, the Court GRANTS IN PART and DENIES IN PART this Motion in Limine. The Court will allow evidence and reference to the fact that Ms. Close died in 2005, but any evidence that Ms. Close committed suicide or other circumstances surrounding her death is hereby EXCLUDED. The parties are free to enter into a stipulation regarding the death of Ms. Close.

> **B.    Defendant's Second Motion in Limine to Exclude Delores Close's Hearsay Statements to Witnesses and Hearsay Statements in Medical Records (Docket # 35)**

Defendant's Second Motion in Limine moves to exclude out-of-court statements made by Delores Close to witnesses and out-of-court statements in her medical records. Because the evidence proffered by the Government through its Response does not match exactly that objected to in the Motion in Limine, the Court focuses on the evidence proffered by the Government (Docket # 50). For the reasons articulated below, the Court DENIES IN PART, GRANTS IN PART, and RESERVES RULING IN PART on this Motion.

First, the Government seeks to introduce statements made by Defendant to law enforcement agents wherein he admitted that he issued a prescription to Ms. Close in July of 2005 after she called him and threatened to tell his wife about their personal relationship. To the extent that Defendant made admissions, these statements are admissible as admissions by a party opponent under Federal Rule of Evidence 801(d)(2), and to that extent the Court DENIES this Motion in Limine.

Second, the Government seeks to admit the out-of-court statements by Ms. Close through the testimony of Elaine Fournier, Ms. Close's sister, that Defendant prescribed alprazolam to her. Although the Government claims that the statements would not be offered for the truth of the matter asserted, the Court finds any statements by Ms. Close admitted through Ms. Fournier to be inadmissible hearsay under Federal Rule of Evidence 802. Therefore, this Motion in Limine is GRANTED in relation to these statements. The Court, however, will permit Ms. Fournier to testify that she spoke with Ms. Close and that the conversation prompted her to then call Defendant.

Third, the Government seeks to introduce statements from the medical records of Ms. Close. Specifically, the Government seeks to admit statements that are found within two sets of medical records. In these statements, Ms. Close reported that Defendant prescribed alprazolam to her and that he knew that she had overdosed in the past. The Government seeks admission of the statements through Federal Rule of Evidence 803(4), which provides that "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." The First Circuit, through <u>Bucci v. Essex</u>

Ins. Co., has articulated three requirements for the admission of out-of-court statements for purposes of medical diagnosis or treatment: "(1) the statements must be made for purposes of diagnosis or treatment (2) about (i) medical history (ii) or past or present symptoms, pain, or sensations or (iii) about the inception or general character of the cause or external source thereof (3) insofar as they are reasonably pertinent to diagnosis or treatment." 393 F.3d 285, 298 (1st Cir. 2005).

Based solely on the materials in front of the Court at this point in the proceedings, the Court is unable to determine whether the statements fall within Federal Rule of Evidence 803(4). The Court, therefore, RESERVES RULING on this portion of the Motion in Limine, pending the evidence presented at trial.

### C. Defendant's Third Motion in Limine to Exclude Proffered Expert Testimony (Docket # 36)

Before the Court is Defendant's Third Motion in Limine. Through this Motion, Defendant seeks to exclude or limit the proffered expert testimony of Nancy Coffey and Dr. Alan Wartenberg. For the reasons herein stated, the Court GRANTS IN PART and DENIES IN PART this Motion in Limine.

Ms. Coffey is a Diversion Program Manager for the DEA. The Government expects to call Ms. Coffey for the purpose of explaining the applicable rules and regulations that govern the prescription and distribution of controlled substances under the CSA. Defendant asserts that Ms. Coffey's proffered testimony amounts to instruction by a witness on the applicable law. As a general rule, expert legal testimony is prohibited, as it is the province of the Court to instruct the jury on the law. Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 99 (1st Cir. 1997). The Court finds, however, that Ms. Coffey's proffered testimony will merely provide the jury with the basic

background on the regulatory scheme for controlled substances. See United States v. Mikutowicz, 365 F.3d 65, 72 (1st Cir. 2004) (citing numerous circuits for the proposition that "[e]xpert testimony by an [Internal Revenue Service] agent which expresses an opinion as to the proper tax consequences of a transaction is admissible evidence"); United States v. Hoffman, 832 F.2d 1299, 1310 (1st Cir. 1987) (upholding a district court decision to permit a DEA agent to testify as an expert in a drug conspiracy case to aid the jury in deciphering intercepted, coded conversations). Therefore, the Third Motion in Limine is DENIED to the extent that it seeks to prevent Ms. Coffey from providing basic background on the regulatory scheme created by the CSA. Should the Government step outside of appropriate testimony, however, counsel is free to object at trial.

Defendant next objects to the testimony of Dr. Wartenberg on the grounds that the proffered testimony "does not fit the issues in this case." The Government expects Dr. Wartenberg to testify that based on ethical standards for physicians, there was no legitimate doctor-patient relationship in this case. While, Defendant contends that Dr. Wartenberg's expert opinions do not fit this case and may suggest the incorrect standard for a criminal case, as the Court discusses in more detail with regard to the Fourth Motion in Limine, violation of the ethical norms and regulations may be relevant to aid the jury in understanding what constitutes a legitimate medical purpose in the usual course of professional practice. See United States v. Feingold, 454 F.3d 1001, 1007 (9th Cir. 2006).

Thus, assuming the proper predicate is laid, the Court will permit testimony from Dr. Wartenberg regarding the prevailing standard of treatment, the doctor-patient relationship and whether given conduct violated ethical rules and norms. Counsel is free

to raise additional basis for objection up to the time when Dr. Wartenberg testifies. Therefore, the Third Motion in Limine is DENIED to the extent that it seeks to prevent Dr. Wartenberg from testifying as to the prevailing standard of treatment, the doctor-patient relationship and whether conduct violated ethical rules and norms. The Court expects that a cautionary instruction will be requested and reminds counsel to provide the Court with such an instruction prior to trial.

### D. Defendant's Fourth Motion in Limine to Exclude Evidence (Docket # 37) and Defendant's Motion to Dismiss the Indictment (Docket # 42)

Defendant's Fourth Motion in Limine seeks to exclude or limit evidence regarding any violation of the rules and regulations of the Commonwealth of Massachusetts Board of Registration in Medicine. Also before the Court is Defendant's Motion to Dismiss the Indictment. Because the Court's determinations for both Motions stand on the same reasoning, the Court will address these Motions jointly. For the reasons set forth below, both the Fourth Motion in Limine and the Motion to Dismiss the Indictment are DENIED.

Through the Fourth Motion in Limine, Defendant seeks to exclude or limit evidence relating to the rules and regulations of the Commonwealth of Massachusetts Board of Registration in Medicine ("Board Regulations"). In addition, Defendant seeks to dismiss the Indictment on the grounds that the underlying statute and its application in this case are unconstitutionally vague and ambiguous. Specifically, Defendant objects to the Government's reliance upon the Board Regulations as evidence of a lack of a legitimate medical purpose or that Defendant was acting outside the usual course of professional practice, a key element of criminal liability under the CSA. 21 U.S.C. § 841(a)(1); 21 C.F.R. § 1306.04. Defendant contends that the Government equates

7

violation of the Board Rules with criminal liability under the CSA. This novel theory of criminal liability, Defendant claims, renders the statutory terms unconstitutionally vague and ambiguous.

As previously stated, distribution of controlled substances other than as authorized by the CSA is a felony. 21 U.S.C. § 841(a)(1). As in all criminal cases, the standard of proof is not mere negligence, or even intentional negligence, but instead proof beyond a reasonable doubt. See, e.g., United States v. Tran Trong Cuong, 18 F.3d 1132, 1137 (4th Cir. 1994). Thus, the Board Regulations, which evidence the standard of reasonable care for a physician in Massachusetts, are insufficient alone to support a conviction under § 841(a). While violation of the Board Regulations is not determinative, depending on the regulation violated, on the issue of criminal liability under the CSA, it is relevant to aid the jury in assessing what constitutes a legitimate medical purpose and the usual course of professional practice. Feingold, 454 F.3d at 1007 ("[O]nly after assessing the standards to which medical professionals generally hold themselves is it possible to evaluate whether a practitioner's conduct has deviated so far from the "usual course of professional practice" that his actions become criminal."). Further, the "evidence regarding the applicable standard of care is 'not offered to establish malpractice, but rather to support the absence of any legitimate medical purpose in [the practitioner's] prescription of controlled substances.'" Id. (citing United States v. Boettjer, 569 F.2d 1078, 1082 (9th Cir. 1978)).

Similarly, Defendant's challenge to the constitutionality of the Indictment is based on the alleged novel theory of criminal liability wherein violation of the Board Regulations equals criminal liability under the CSA. Because the Board Regulations may

8

serve as evidence of the standard of care and not as the sole basis for violation of the CSA, the Indictment is not unconstitutionally vague nor does it violate the Due Process Clause. Board Regulations have served as evidence of a legitimate medical purpose in numerous cases. See United States v. Moore, 423 U.S. 122, 138-39 (1975); Feingold, 454 F.3d at 1001. In addition and as noted by Defendant, challenges to the statutory terms have been addressed and rejected by several circuits. See, e.g., United States v. Rosenberg, 515 F.2d 190 (9th Cir. 1975); United States v. Collier, 478 F.2d 268, 273 (5th Cir. 1973); United States v. Jobe, 487 F.2d 268 (10th Cir. 1973). For the reasons herein stated, the Motion to Dismiss the Indictment is DENIED and the Fourth Motion in Limine is DENIED. The evidence of Board Regulations may be subject to a cautionary instruction; counsel are reminded to submit any cautionary instructions prior to trial.

### E. Defendant's Fifth Motion in Limine to Exclude Evidence of Past Relationship (Docket # 38)

Before the Court is Defendant's Fifth Motion in Limine to exclude evidence regarding any past romantic relationship between Delores Close and Dr. Hoffman. Defendant asserts that any such evidence is not relevant to the issues at trial, and, if relevant, the probative value is substantially outweighed by the danger of unfair prejudice. Federal Rule of Evidence 401 provides that relevant evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence;" while Federal Rule of Evidence 402 states that relevant evidence shall generally be admissible.

Assuming a proper predicate is established, evidence of a past romantic relationship between Dr. Hoffman and Ms. Close is relevant to show that such a

9

relationship existed and Dr. Hoffman's potential motive in issuing the prescriptions. See United States v. Potter, 616 F.2d 384, 387-88 (9th Cir. 1979) (finding that evidence of sexual conduct was relevant to show the physician's motive, lack of a legitimate medical purpose and lack of good faith). Defendant further asserts that any evidence of the romantic relationship would be unduly prejudicial under Federal Rule of Evidence 403. While evidence of a past romantic relationship may be prejudicial, the Court finds that it is not unduly so under Rule 403. Therefore, the Court DENIES Defendant's Fifth Motion in Limine. Again, counsel are reminded to submit any cautionary instructions prior to trial.

    **F.**    **Defendant's Sixth Motion in Limine to Exclude Patient Profiles of Delores Close (Docket # 41)**

Before the Court is Defendant's Sixth Motion in Limine (Docket # 41). Through this Motion, Defendant seeks to exclude evidence of any patient-profiles for Delores Close that purport to reflect prescriptions called into a pharmacy by Dr. Hoffman.

Defendant claims that the proffered patient profiles are inadmissible hearsay that does not fall within Federal Rule of Evidence 803(6), the business records exception. Rule 803(6) permits otherwise inadmissible hearsay to be admitted where the record is "made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian." As stated in the Government's Response (Docket # 56), pharmacies not only routinely create similar records but are also required to do so by law. See 21 C.F.R. §§ 1306.11 and 1306.05.

Assuming the proper predicate is established, the Court finds the patient profiles to be admissible under the business records exception.

Defendant further asserts that the patient profiles are unreliable because the records do not necessarily reflect the identity of the person who called. While a pharmacy does obtain the caller's DEA number, it is possible for a caller to misrepresent his or her identity. See e.g., United States v. Limberopoulos, 26 F.3d 245, 247-48 (1st Cir. 1994) (convicting pharmacists of forging prescriptions where doctors denied signing their names to prescriptions). Defendant is free to offer impeachment evidence regarding the reliability of the records. For the reasons herein stated, the Court DENIES this Motion.

### G. Defendant's Seventh Motion in Limine Requesting that the Court Strike Paragraph 1(a) of the Indictment (Docket # 39)

Defendant's Seventh Motion in Limine moves to strike the last sentence of Paragraph 1(a) of the Indictment. The relevant sentence states: "[Dr. Hoffman] was not licensed to practice medicine in Florida or Maine." Defendant moves pursuant to Federal Rule of Criminal Procedure 7(d), which allows the Court to strike surplusage from the Indictment. To prevent jury confusion and because the Government in its Response (Docket # 53) took no position on this Motion, the Motion is GRANTED. The Court instructs that the specified sentence shall be redacted in the version of the Indictment that is available to the jury during their deliberations.

### H. Defendant's Eighth Motion in Limine to Exclude Evidence of Business Relationship (Docket # 40)

Before the Court is Defendant's Eighth Motion in Limine to limit or exclude evidence regarding any past business relationship between Delores Close and Dr.

11

Hoffman. For the reasons articulated in relation to Fifth Motion in Limine, the Court DENIES Defendant's Motion.

### I. Government's Motion in Limine (Docket # 43)

Also before the Court is the Government's Motion in Limine to exclude or limit testimony from Defendant's designated expert witnesses. To the extent that the Motion addresses compliance with the requirements of Federal Rule of Criminal Procedure 16(b)(1)(C), counsel expressed that any deficiencies would be cured prior to trial, and the Court therefore assumes this portion of the Motion to be MOOT.

In addition, the Government moves to prevent evidence that Defendant's expert witness, Dr. Albert Drukteinis, is currently working on behalf of the U.S. Attorney's Office for the District of Maine in an unrelated civil case. The Court DENIES this portion of the Motion. The Court also notes that the fact that Dr. Drukteinis is also working for the U.S. Attorney's Office is potentially subject to the disclosure requirements of Giglio v. United States, 405 U.S. 150, 153-54 (1972).

### III. CONCLUSION

For the reasons described herein, the Court DENIES Defendant's Motion to Dismiss the Indictment (Docket # 43). In addition, the Court DENIES WITHOUT PREJUDICE Defendant's Fourth Motion in Limine (Docket # 37), Defendant's Fifth Motion in Limine (Docket # 38), Defendant's Sixth Motion in Limine (Docket # 41), and Defendant's Eighth Motion in Limine (Docket # 40). The Court GRANTS WITHOUT PREJUDICE Defendant's Seventh Motion in Limine (Docket # 39). The Court GRANTS IN PART and DENIES IN PART WITHOUT PREJUDICE Defendant's First Motion in Limine (Docket # 34) and Defendant's Third Motion in Limine (Docket # 36).

Defendant's Second Motion in Limine (Docket # 35) is DENIED IN PART, GRANTED IN PART and the Court RESERVES RULING IN PART WITHOUT PREJUDICE. Finally, the Court DENIES IN PART WITHOUT PREJUDICE the Government's Motion in Limine (Docket # 43) and assumes the remainder to be MOOT.

**SO ORDERED.**

                                          /s/ George Z. Singal
                                          Chief United States District Judge

Dated at Portland, Maine, this 12th day of December, 2006.