**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

UNITED STATES OF AMERICA,    )
    )
v.    )
    )    Docket No. 06-CR-66-P-S
ROBERT R. HOFFMAN    )
    )
    Defendant.    )

**ORDER ON MOTION TO COMPEL DISCOVERY**

Before the Court is Defendant Dr. Robert Hoffman's Motion to Compel Discovery (Docket # 60). Through this Motion, Defendant requests production of twenty-eight enumerated categories of materials, largely relating to two of the Government's proffered expert witnesses, Nancy. Coffey and Dr. Scott Wartenberg. For the reasons explained below, the Motion is DENIED.

Defendant claims that he is entitled to these materials pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). Under Brady, a defendant has a right to exculpatory evidence where it "is material to guilt or punishment." Brady, 373 U.S. at 87. Information is "material" "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985); see also United States v. Rosario-Peralta, 175 F.3d 48, 53 (1st Cir. 1999). At the same time, however, Brady did not create a broad right of discovery. Bagley, 473 U.S. at 675 n.7 ("An interpretation of Brady to create a broad, constitutionally required right of discovery 'would entirely alter the character and balance of our present systems of criminal justice.'" (quoting Giles v. Maryland, 386 U.S. 66, 117 (1967) (Harlan, J.,

dissenting))); <u>Weatherford v. Bursey</u>, 429 U.S 545, 560 (1977) ("There is not general constitutional right to discovery in a criminal case, and <u>Brady</u> did not create one . . . .")

The Court has reviewed the submissions of both sides in connection with this Motion. Notably, it appears that the Government has complied with the bulk of the requests submitted by Defendant. Nonetheless, beyond a bald assertion that the requested materials are subject to <u>Brady</u> and <u>Giglio</u>, no reasoning is provided as to why any particular outstanding request falls within the disclosure requirements imposed on the Government through <u>Brady</u> and its progeny. In short, on the record presented, it appears the Government has complied with the requirements of both Federal Rule of Criminal Procedure 16 and <u>Brady</u> and its progeny. Therefore, the Court DENIES Defendant's Motion to Compel Discovery (Docket # 60).

**SO ORDERED.**

/s/ George Z. Singal
Chief United States District Judge

Dated at Portland, Maine, this 14th day of December, 2006.